# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2021

Lyle W. Cayce
Clerk

No. 20-50886
Summary Calendar

John Mayton,

*Plaintiff—Appellant*,

*versus*

Cesar Casas, *in his individual capacity*; Luis Aguilar, *in his individual capacity*; The County of El Paso,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-155

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

John Mayton, *pro se*, claims that El Paso County Constable Luis Aguilar directed El Paso County Deputy Constable Caesar Casas to arrest him and then to smash his head through a window as he left his eviction hearing in justice of the peace court. He sued Constable Aguilar, Deputy

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50886

Casas, and El Paso County under 42 U.S.C. § 1983 and Texas law.[1]  The district court dismissed some of his claims for failure to state a claim and dismissed others *sua sponte* under Federal Rule of Civil Procedure 41(b) after concluding that Mayton had repeatedly violated its orders.  The district court also denied his motion to recuse.  Still *pro se*, Mayton appeals the dismissal of his claims and the denial of his motion to recuse.[2]

We begin with the Rule 12(b)(6) dismissal.  Our review is *de novo.  See Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible if the plaintiff alleges facts that, accepted as true, allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "*Pro se* complaints receive a 'liberal construction.'"  *Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)).

Liberally construed, Mayton's appellate briefs raise two arguments: first, that the district court wrongly ruled that Constable Aguilar and Deputy

---

[1] The official caption spells Deputy Casas's first name incorrectly: It is "Caesar"—not "Cesar."

[2] The parties have forfeited any challenge to the district court's failure to comply with Federal Rule of Civil Procedure 58's separate-document rule by asserting that we have jurisdiction and by failing to request dismissal of the appeal. *See Moreno v. LG Electronics, USA Inc.*, 800 F.3d 692, 697 (5th Cir. 2015).  We are confident that the district court's dismissal orders constitute its "final decision" under 28 U.S.C. § 1291.  *See Cantú v. Moody*, 933 F.3d 414, 418 n.1 (5th Cir. 2019).

No. 20-50886

Casas had probable cause to arrest; and second, that the district court wrongly ruled that a courtroom was not a public forum.[3]

We need not address either argument. Constable Aguilar and Deputy Casas moved to dismiss based on qualified immunity. To overcome that defense at the Rule 12(b)(6) stage, Mayton had to plead facts "that demonstrate[d] liability and defeat[d] immunity." *Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019). He thus had to allege facts showing that (1) Constable Aguilar and Deputy Casas violated a constitutional right, and (2) the right was "clearly established." *See id.* Mayton's briefs—even when liberally construed—do not acknowledge the second prong: Mayton makes no attempt to show that the relevant rights were clearly established at the time of the alleged misconduct. So Mayton has abandoned any argument that Constable Aguilar and Deputy Casas are not entitled to qualified immunity from his Section 1983 claims. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). We therefore affirm the Rule 12(b)(6) dismissal.

We next consider the Rule 41(b) dismissal. Our review is for abuse of discretion. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Rule 41(b) empowers a defendant to "move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). "Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984)). Still, a dismissal with prejudice under Rule 41(b) requires "'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser

---

[3] Although the issues section of Mayton's opening brief asserts that the district court erred in dismissing his claims against El Paso County, Mayton does not actually address those claims in the argument section of his briefs.

sanctions would not serve the best interests of justice.'" *Griggs*, 905 F.3d at 844 (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018)). Both requirements are met.

As for the first requirement, we easily conclude that Mayton engaged in delay or contumacious conduct. "'In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct.'" *Id.* (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)). At least two aggravating factors are present. First, Mayton—and Mayton alone—is responsible for the delay resulting from the parties' repeated failure to submit a court-ordered joint discovery plan. Second, that delay resulted from intentional conduct by Mayton to obstruct the litigation. Mayton initially refused to consent to a discovery plan because the defendants declined to stipulate to 50 interrogatories. He later withheld consent on the ground that defense counsel had "no business, no standing" to represent Constable Aguilar and Deputy Casas since El Paso County had been dismissed. He continued to withhold consent on this baseless ground, even after the district court had overruled his objection to the representation. Worse, he refused to respond to discovery on the same ground. In the light of Mayton's repeated and intentional failure to cooperate with defense counsel and to comply with court orders, we find "a plain record of delay or contumacious conduct." *Id.* (quoting *Stearman*, 436 F.3d at 535).

As for the second requirement, we are convinced that "'lesser sanctions would not serve the best interests of justice.'" *Griggs*, 905 F.3d at 844 (quoting *Gates*, 885 F.3d at 883). The district court dismissed Mayton's claims as a last resort. Before the dismissal, it had twice reminded Mayton of his obligation to cooperate with defense counsel, and it had warned Mayton that he "risk[ed] sanctions, to include the dismissal of his case, if he

No. 20-50886

continue[d] to obstruct this litigation." It advised Mayton that noncompliance with its September 11, 2020 order "may result in dismissal of this case for failure to prosecute." Yet Mayton violated the order anyway: He failed to timely file the court-ordered notice of service of discovery. His repeated violation of court orders—even after learning that noncompliance might result in dismissal—suggests that a sanction short of dismissal would not have served the interest of justice.

Because the record reflects that Mayton engaged in delay or contumacious conduct, and lesser sanctions would not have done the job, we affirm the Rule 41(b) dismissal order.

Finally, we consider recusal.[4] We review the district court's refusal to recuse for abuse of discretion. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In applying Section 455(a), we "must determine 'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)).

We see nothing that would cause a reasonable and objective person to doubt the district judge's impartiality. Mayton offers assorted reasons why (he thinks) a reasonable observer might have doubts, but only two of them appeared in the underlying recusal motion: that (1) the district judge is "married to a police officer," and (2) the district judge, Mayton says, is "known to be partial to law enforcement." The first reason fails because the

---

[4] Mayton does not challenge the denial of his second recusal motion, brought under 28 U.S.C. § 144 and denied by another district judge.

No. 20-50886

district judge's spouse retired from law enforcement before any of the events giving rise to this lawsuit occurred; the spouse had no involvement or interest in the matter. The second reason is conclusory, baseless, and unsupported by any evidence. The district court did not abuse its discretion, so we affirm its refusal to recuse.

Accordingly, for the reasons we have given, the district court's judgment is, in all respects,

AFFIRMED.