# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2021

Lyle W. Cayce
Clerk

No. 20-50849
Summary Calendar

Lawson P. Roberts,

*Plaintiff—Appellant*,

*versus*

Janet Yellen, *Secretary*, U.S. Department of Treasury,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1272

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Lawson Roberts appeals the district court's order dismissing his suit for want of prosecution under Federal Rule of Civil Procedure 41(b). Because we discern no abuse of discretion by the district court, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50849

## I.

Roberts filed this suit against the Secretary of Treasury on December 5, 2015, alleging discrimination and retaliation by his employer, the Internal Revenue Service (IRS), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  He later filed two more discrimination suits against the Secretary on September 21, 2017, and January 12, 2018.  The cases were consolidated on February 28, 2018.

At the outset, everything seemed on track.  Roberts ardently litigated his claims in the district court.  He successfully defeated two motions to dismiss, a motion for summary judgment, and a motion to reconsider.  He additionally moved to amend his complaint, twice.  On July 13, 2018, the district courted entered a scheduling order that set forth various pretrial and trial deadlines (e.g., discovery deadline, March 31, 2020; dispositive-motions deadline, May 29, 2020; trial setting, August 2020).

By August 2018, however, Roberts's action stalled.  The record evinces inaction in this case between August 2018 and July 2020, with the exception of a (one-page) court-mandated report filed in December 2018.  Because of the dormancy, on July 6, 2020, the district court ordered both parties to submit status reports.  The Department of Treasury filed its report describing the suit as "stagnant" and moved to dismiss Roberts's claims for want of prosecution under Rule 41(b).  Roberts failed to file a status report.  He also did not respond to the dispositive motion.  The district court granted the Rule 41(b) motion and dismissed Roberts's claims with prejudice on July 31, 2020.

Sixty-one days after the entry of final judgment, Roberts moved for an extension of time to file an out-of-time notice of appeal.  In a text-only docket

entry, the district court granted Roberts's motion, and Roberts's notice of appeal was filed the same day.[1]

## II.

As a threshold matter, we consider whether we have jurisdiction to review this case. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").[2]  We conclude that we do.

Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal "may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: . . . (iii) a United States officer or employee sued in an official capacity."  If a would-be appellant misses this deadline, he may move in the district court "no later than 30 days after the time prescribed by [Federal Rule of Appellate Procedure 4(a)(1)(B]" and show "excusable neglect or good cause" for why he should be granted an extension of time to file an out-of-time notice of appeal. FED. R. APP. P. 4(a)(5)(A)(i)–(ii).  If granted, the extension may not "exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." FED. R. APP. P. 4(a)(5)(C).

Here, the district court dismissed Roberts's claims and entered final judgment on July 31, 2020.  Under Rule 4(a)(1)(B), Roberts had sixty days, or until September 29, to file a timely notice of appeal.  On September 30,

---

[1] Absent from the record is a formal order from the district court granting Roberts's motion for extension of time to file an out-of-time appeal.  The text-only order provides: "IT IS ORDERED that Plaintiff shall file a notice of appeal by October 2, 2020."

[2] The parties do not challenge this court's jurisdiction; we thus examine the issue sua sponte.

No. 20-50849

Roberts filed a motion for an extension of time pursuant to Rule 4(a)(5)(A) and provided a proposed notice of appeal. The district court granted his motion on October 2, 2020, extending his window to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C). Roberts's notice of appeal was timely filed the same day, and we therefore have jurisdiction.

### III.

We turn to whether the district court abused its discretion by dismissing Roberts's claims under Federal Rule of Civil Procedure 41(b). *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

Rule 41(b) permits a defendant to move to dismiss an entire action or any individual claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). It requires "'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Griggs*, 905 F.3d at 844 (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018)). Generally, though not in every case, a clear record of delay or contumacious conduct is found if (1) the plaintiff caused the delay; (2) the defendant suffered actual prejudice; or (3) intentional conduct caused the delay. *Stearman v. C.I.R.*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam) (citation omitted); *see Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("We disagree . . . that, to affirm a [Rule 41(b)] dismissal with prejudice, an aggravating factor must be present; the presence of the requisite factors can alone justify dismissal." (internal quotation marks and citation omitted)).

As for the first requirement, we agree that there is a clear record of delay in this case. It is undisputed this case was dormant for two years; specifically, the record clearly shows Roberts's inaction for twenty-six months, from July 2018 to September 2020. *See Sealed Appellant*, 452 F.3d

No. 20-50849

at 419 (affirming dismissal with "almost two years of total inactivity on the Appellant's side"); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam) (affirming dismissal when twenty-two months passed between last pleading and the dismissal). In his principal brief, Roberts explains that he and his counsel made "[a] strategic decision . . . not to file discovery while both the Department of Justice and the [Internal Revenue Service] was [sic] in chaos." He further states that he felt discovery was "unlikely," at the time, because "most people were working from home." Roberts's concedes he "overlooked" the district court's court order for a status report. And he avers, without further explanation, that he had "every intention of responding" to the Department of Treasury's motion to dismiss but "an error was made." In view of the significant period of inactivity, Roberts's failure to litigate his action, and the unavailing justifications offered in Roberts's appellate brief (even for complying with the directives of the district court), the district court did not abuse its discretion by determining that there was "a clear record of delay." *Cf. McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (determining that a delay must be longer than a few months and "characterized by significant periods of total inactivity" to warrant dismissal sua sponte (cleaned up)).

For similar reasons, we find no abuse of discretion in the district court's determination that "lesser sanctions would not serve the best interests of justice." *Griggs*, 905 F.3d at 844 (internal quotation marks and citation omitted). After nearly two years of inactivity by both parties, the district court ordered the parties to file status reports. The Department of Treasury adhered to the court order, but Roberts failed to do so. The Department of Treasury simultaneously moved to dismiss the action for want of prosecution. The district court then afforded Roberts another opportunity to respond, but given the continued silence from Roberts (and

No. 20-50849

his counsel), the district court granted the Department of Treasury's motion to dismiss.

Roberts contends the district court erred because the court failed to craft a lesser sanction. But Roberts fails to offer to this court any appropriate alternatives. He likewise fails to support his contention with additional argument or authority. *See* FED. R. APP. P. 28(a)(8)(A).

\*     \*     \*

In sum, the record substantiates a clear record of delay and that a lesser sanction would not have served the interests of justice. We therefore discern no abuse of discretion in the district court's Rule 41(b) dismissal of Roberts's claims. AFFIRMED.