# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50194
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2024

Lyle W. Cayce
Clerk

Rickey Buchanan, Sr.,

*Plaintiff—Appellant*,

*versus*

United States of America; Department of the Army;
Department of the Air Force; San Antonio Justice
Department, *Federal Officers/Federal Court System*; United States
Department of Veterans Affairs,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-663

_____

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Rickey Buchanan, Sr., proceeding *pro se*, appeals the district court's judgment dismissing his claims with prejudice under

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50194

Federal Rule of Civil Procedure 41(b) for want of prosecution/failure to comply with a court order. We AFFIRM.

## I.

On May 24, 2023, Buchanan filed a complaint naming as defendants the Department of the Army, the Department of the Air Force, the San Antonio Justice Department, and the U.S. Department of Veterans Affairs. He alleged that (1) on August 20, 2020, he was unlawfully arrested by a federal officer; (2) he suffered bodily injuries during the arrest; and (3) a "frivolous and vexatious" case was subsequently filed against him that was later dismissed. Buchanan contended that his claims involved the "4th Amendment, 6th Amendment, Systematic Entrapment, Systematic Harassment/Hazing, Creating Vexatious Case, False charges." As relief, he seeks $12.6 million in damages, record expungement, and an injunction against Government officials from further defaming his character.

Approximately four months later, on September 14, 2023, Buchanan moved for a default judgment against Defendants. On September 20, the United States filed a copy of a letter it sent to Buchanan, informing him that he had "not yet effectuated proper service on the United States or its agencies." The letter directed Buchanan to Federal Rule of Civil Procedure 4(i)(1), and included specific instructions from Rule 4(i)(1) to effectuate proper service on the United States and its agencies. Buchanan resubmitted a motion for default judgment on September 28, 2023.

The magistrate judge denied Buchanan's motions without prejudice, explaining that because Buchanan had not properly served any defendant, the deadline for answering the suit had not yet begun and thus a default judgment was not warranted. The magistrate judge further noted that Buchanan had been specifically advised by the United States in its letter of the proper steps to effectuate proper service. The magistrate judge ordered Buchanan,

pursuant to Federal Rule of Civil Procedure 4(m),[1] to properly serve each named defendant and file proof of service within thirty days of the order, until November 3, 2023.

On November 7, 2023, the magistrate judge granted Buchanan an extension of time to properly serve Defendants until December 8, 2023. The magistrate judge further advised that failure to comply with the order and failure to timely and properly serve Defendants "may result in dismissal of the case" and that "[n]o further extensions of this deadline will be granted absent a showing of good cause."

On February 1, 2024, the United States filed a copy of another letter it sent to Buchanan specifically explaining how another one of his attempts at service was defective under Rule 4. It again directed Buchanan to the specific instructions regarding service on the United States set forth in Rule 4(i)(1). Buchanan filed an "Objection" to the letter, arguing that he had in fact effectuated proper service.

On February 20, 2024, the magistrate judge noted that Buchanan's complaint had been pending for nearly nine months and that, despite being granted two extensions to execute proper service, Buchanan had yet to do so. The magistrate judge noted that Federal Rule of Civil Procedure 41(b) authorized the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. The magistrate judge determined that Buchanan "produced a clear record of delay," in that he should have executed service nearly six months prior. The magistrate judge

---

[1] Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As noted by the magistrate judge, the 90-day period for service expired on August 24, 2023.

further determined that lesser sanctions would not prompt diligent prosecution because Buchanan had been repeatedly instructed on how to effectuate proper service and warned that failure to do so would result in dismissal of his case. Consequently, the magistrate judge recommended that Buchanan's case be dismissed with prejudice under Rule 41(b).

Buchanan objected to the magistrate judge's report and recommendation, arguing that he had in fact properly served the United States. Overruling Buchanan's objection, the district court adopted the magistrate judge's report and recommendation and dismissed Buchanan's claims with prejudice. Buchanan filed a timely notice of appeal.

## II.

This Court reviews the district court's Rule 41(b) dismissal for abuse of discretion.[2] "Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice."[3] "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct."[4]

On appeal, Buchanan does not challenge the basis of the district court's dismissal—that he failed to follow court orders requiring him to

---

[2] *Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citation omitted).

[3] *Id.* (internal quotation marks and citation omitted).

[4] *Id.* (citation omitted).

properly serve his complaint on Defendants within a certain period of time.[5] Although this Court liberally construes *pro se* briefs, "*pro se* parties must still brief the issues."[6] Because Buchanan fails to challenge the basis for the district court's dismissal under Rule 41(b), he has waived the issue, and it is the same as if he had not appealed the judgment.[7]

Moreover, the record demonstrates that the district court did not abuse its discretion in dismissing Buchanan's claims with prejudice under Rule 41(b). After each of his three failed attempts to properly serve Defendants, Buchanan was notified that his service was defective and specifically instructed on how to effectuate proper service in Defendants' letters dated September 20, 2023, October 30, 2023, and February 1, 2024. The district court gave Buchanan multiple extensions to effectuate proper service and warned Buchanan that his case would be dismissed if he failed to effectuate proper service within a specified time. Buchanan continued to argue that his attempts at service were proper when Rule 4 clearly showed they were not. The magistrate judge and district court determined that a

---

[5] Instead, he argues the merits of his claim that he was unlawfully arrested and his constitutional rights violated. Buchanan also appears to assert that the magistrate judge and district court should have been recused because he (Buchanan) and family members previously appeared before them in unrelated matters. As the magistrate judge held below, however, that a judge previously presided over cases involving the same or related parties is not grounds for recusal without evidence of "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Buchanan produced no such evidence here. Buchanan also appears to argue that Federal Rule of Civil Procedure 5 applies. Rule 5, however, relates to proper service of pleadings *other than* the complaint. *See* Fed. R. Civ. P. 5(a)(1).

[6] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved.").

[7] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

lesser sanction than a Rule 41(b) dismissal with prejudice would not prompt diligent prosecution. Under these circumstances, we conclude that the district court did not abuse its decision in dismissing Buchanan's claims with prejudice under Rule 41(b).[8]

Based on the foregoing, the district court's judgment is AFFIRMED.

---

[8] *See Griggs*, 905 F.3d at 844 (finding no abuse of discretion in dismissal with prejudice for want of prosecution because plaintiff "persistently refused" to follow district court's order); *see also Husley v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (finding no abuse of discretion in dismissal with prejudice of *pro se* plaintiff's claims because district court "not only allowed him a second chance at obtaining service but also instructed him on the proper procedure" and "[i]n response, [he] disregarded a clear and reasonable court order.") (citation omitted).