# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2025

Lyle W. Cayce
Clerk

No. 24-30624

———————————

Tamika Profit, *individually & on behalf of minor son*, J.Q.,

*Plaintiff—Appellant*,

*versus*

Germanique C. Coleman; Brandon Harry; Airbnb, Incorporated; Generali U.S. Branch,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-7103

———————————————————

Before Elrod, *Chief Judge*, Davis and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Tamika Profit's minor son was shot and killed while attending a party at a house that had been rented through Airbnb, Inc. (Airbnb) by another minor. Ms. Profit sued Airbnb, the property owners, and their insurer in state court, and Airbnb removed the lawsuit to federal court. The district court denied Ms. Profit's motion to remand and granted Airbnb's motions to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30624

dismiss some claims and to compel arbitration on the remaining claims, and Ms. Profit appealed. The appeal is DISMISSED for lack of jurisdiction.

I

On April 14, 2023, Ms. Profit's minor son, J.Q., attended a party at 1121 Bartholomew Street, New Orleans, Louisiana (Property). Another minor had rented the Property through Airbnb, a service that connects renters with properties available for rent on a short-term basis. J.Q. was shot to death at that party.

Ms. Profit sued Airbnb, the Property's owners, Germanique Coleman and Brandon Harry (Owners), and their insurer, Generali U.S., in Louisiana state court, asserting a claim for wrongful death and a survival action. Airbnb removed the suit to federal court based on diversity jurisdiction, arguing that Owners, who were domiciled in Louisiana, had been improperly joined, and that their citizenship should be disregarded for purposes of establishing diversity jurisdiction.

Ms. Profit moved to remand the case back to state court. The magistrate judge denied the motion after finding that Owners had been improperly joined because Ms. Profit had failed to state a claim against them, and the magistrate judge dismissed Owners from the case without prejudice.

Airbnb moved to dismiss the survival action Ms. Profit brought on behalf of J.Q. for failure to state a claim. Finding that Ms. Profit had not alleged facts that could plausibly establish that Airbnb had a duty to protect J.Q. from the criminal activity of a third party, the magistrate judge granted the motion and dismissed the survival claim with prejudice.

Airbnb also moved to compel arbitration and to stay the remainder of the case pending arbitration. It argued that Ms. Profit had consented to

No. 24-30624

Airbnb's terms of service, which contained the following arbitration provision, when she created an Airbnb account in 2020:

> You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or to the use of the Airbnb Platform . . . will be settled by binding individual arbitration (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.

She also consented to amended terms of service that contained a virtually identical arbitration provision when she logged in to her account on January 21, 2022. The magistrate judge found that "the arbitration agreement between Profit and Airbnb is valid and pursuant to the parties' agreement, the issue of arbitrability . . . is one for the arbitrator decide." It granted the motion to compel arbitration and stayed the federal action pending that arbitration.

Ms. Profit appeals the orders denying her motion to remand, dismissing the survival claim, and compelling arbitration.

## II

"Our court is one of limited jurisdiction." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999). We must therefore ensure that we have jurisdiction over Ms. Profit's appeal. *See Ortiz v. United States*, 585 U.S. 427, 435–36 (2018).

> We have authority to hear appeals only from "final decisions" under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under to FED. R. CIV. P. 54(b), or some other nonfinal order or judgment to which an exception applies . . . . We have said that

"[a] decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"

*Briargrove Shopping Ctr.*, 170 F.3d at 538–39 (alteration in original) (citations and footnotes omitted).

## A

Airbnb argues that we lack appellate jurisdiction over the orders denying remand and dismissing the survival action because they were not certified as final judgments under Rule 54(b). We agree.

"An order denying a motion to remand is not appealable as a final decision within the meaning of 28 U.S.C. § 1291[.]" *PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 539 (5th Cir. 2005). However, we "permit[] review of a remand denial when the order is (1) coupled with a Rule 12(b)(6)-type dismissal and (2) certified as final under Rule 54(b)."[1] *D & J Invs. of Cenla, L.L.C. v. Baker Hughes a G E Co., L.L.C. (D & J)*, 52 F.4th 187, 194 (5th Cir. 2022). Likewise, in a lawsuit containing multiple claims, "[n]o ruling can be appealed until a certification is obtained under Rule 54(b) or until all the remaining issues in the case have been decided." *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013) (alteration in original) (citation omitted).

Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). A district court need

---

[1] We also permit review of a remand denial when it is "certified by the district court under 28 U.S.C. § 1292(b)," or when it is "coupled with an interlocutory appeal of an injunction order." *PCI Transp., Inc.*, 418 F.3d at 539. Neither occurred here.

not "'mechanically recite' that there is 'no just reason for delay' in order for a judgment to be considered final." *Crostley*, 717 F.3d at 420 (quoting *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc)). But its "intent to enter a partial final judgment under Rule 54(b) 'must be *unmistakable*' on the face of the order or of the documents referenced in it." *Id.* (quoting *Briargrove Shopping Ctr.*, 170 F.3d at 539).

Here, the magistrate judge issued a "12(b)(6)-type dismissal" when denying Ms. Profit's motion to remand. *D & J*, 52 F.4th at 194. Ms. Profit never sought or obtained certification under Rule 54(b) of the order denying her motion to remand, however. And the order does not reflect the magistrate judge's unmistakable intent to enter a partial final judgment under Rule 54(b)—there is no use of the word "final," no mention of Rule 54(b), and no certification that there was "no just reason for delay." *See Crostley*, 717 F.3d at 420.

Likewise, the order dismissing the survival claim disposed of "fewer than all" claims, so certification as a final judgment under Rule 54(b) was required for it to be reviewable. Fed. R. Civ. P. 54(b). Ms. Profit did not request certification under Rule 54(b), and the order does not reflect the judge's unmistakable intent to enter a partial final judgment under Rule 54(b).

We lack jurisdiction to review the orders denying remand and dismissing the survival action.

## B

Airbnb next argues that the order compelling arbitration is not appealable under the Federal Arbitration Act. We agree.

"Section 16 of the Federal Arbitration Act . . . governs appellate review of arbitration orders." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S.

No. 24-30624

79, 84 (2000). Under Section 16(a)(3), "an appeal may be taken from a final decision with respect to an arbitration." 9 U.S.C. § 16(a)(3). A decision is final within the meaning of § 16(a)(3) where the district court "has ordered the parties to proceed to arbitration, and dismissed all the claims before it." *Green Tree*, 531 U.S. at 89. Conversely, under § 16(b), where the district court compels arbitration or stays the proceeding by interlocutory order, neither order is appealable. 9 U.S.C. § 16(b); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) ("[I]f a district court orders that a case be stayed pending arbitration instead of dismissing it, that order is not appealable."); *Green Tree*, 531 U.S. at 87 n.2 ("Had the District Court entered a stay instead of a dismissal[,] . . . that order would not be appealable." (citing 9 U.S.C. § 16(b)(1))).

Here, the magistrate judge granted the motion to compel arbitration as to Ms. Profit's wrongful death claim and stayed the action. Citing *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 181–82 (2019), Ms. Profit argues that a decision on a motion to compel arbitration is "a final decision with respect to arbitration" and is therefore appealable. But *Lamps Plus, Inc.*, makes clear that a decision on a motion to compel arbitration is final where the district court compels arbitration and *dismisses* the underlying claims pending arbitration. *See* 57 U.S. at 181. Because Ms. Profit's action was stayed rather than dismissed, the order compelling arbitration is not appealable. *See Green Tree*, 531 U.S. at 87 n.2; *Griggs*, 905 F.3d at 839.

\* \* \*

The appeal is DISMISSED for lack of jurisdiction.