# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2026

Lyle W. Cayce

Clerk

No. 25-40457
Summary Calendar

———————————

David R. Pete,

*Plaintiff—Appellant*,

*versus*

Equifax, Incorporated; JND Legal Administration,
L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:25-CV-246

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant David Pete, proceeding *pro se*, sued Appellees Equifax and JND Legal for $200,000,000,000 under a variety of legal theories. The district court denied Pete's *in forma pauperis* motion and ordered Pete to pay the filing fee because he falsely claimed the United States Attorney General owed him more than $100 quintillion. The court's order warned that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

noncompliance risked dismissal under Federal Rule of Civil Procedure 41(b). Pete did not pay the filing fee, so the court dismissed his case under Rule 41(b). Pete appealed.

On appeal, Pete argues the district court erred by granting summary judgment to Appellees. But no summary-judgment order exists. Pete made no argument against the district court's Rule 41(b) dismissal of his case, even if we liberally construe his brief. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Thus, Pete waived the right to review the dismissal order because he did not raise it in his initial brief. *See DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 n.2 (5th Cir. 1997). Even if he had, the district court did not abuse its discretion by *sua sponte* dismissing Pete's complaint under Rule 41(b). *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *In re Burch*, 835 F. App'x 741, 749 (5th Cir. 2021) (per curiam); *In re Valentine*, 733 F. App'x 184, 186–87 (5th Cir. 2018) (per curiam); 28 U.S.C. § 1915(e)(2)(A).

AFFIRMED.