United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-10179

AMERICAN REALTY TRUST, INC.,
BASIC CAPITAL MANAGEMENT, INC.,

Plaintiffs - Appellants,

VERSUS

HAMILTON LANE ADVISORS, INC., LESLIE A. BRUN, PAUL BAGLEY,

Defendants - Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(3:02-CV-00641)

Before DUHE', BARKSDALE, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:[*]

Upon reconsideration, we withdraw our previous opinion and
substitute the following: American Realty Trust, Inc. ("ART") and
Basic Capital Management, Inc. ("BCM") brought suit against
Hamilton Lane Advisors, Inc. ("HLA"), Leslie A. Brun, and Paul
Bagley, alleging claims of fraud, conspiracy to defraud, and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

negligent misrepresentation.  The district court granted HLA and Brun's motion to dismiss for lack of personal jurisdiction and Bagley's motion to dismiss for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).[1]  The district court dismissed all claims with prejudice.  For the reasons described herein, we AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this opinion.

I.

Plaintiff ART is a Georgia corporation with its principal place of business in Texas.  Plaintiff BCM is a Texas corporation with its principal place of business in Texas.  ART and BCM are affiliated companies engaged in the business of buying and selling real estate.  In the fall of 1999, they began negotiations with defendant Paul Bagley, a resident of New Jersey, to discuss obtaining refinancing assistance from Mattise Capital Partners, a

---

[1]In addition to his claims involving Rule 9(b), Bagley also argues that plaintiffs' claims in this case should be barred by the *res judicata* effect of another district court decision in which plaintiffs were involved, *American Realty Trust, Inc. v. Matisse,* 2002 U.S. Dist. LEXIS 17472 (N.D. Tex., Sept. 16, 2002). We decline to address that issue now because it is premature. *Res judicata* is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial. *See Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."); *see also Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986) (noting that Rule 12(b)(6) only applies to affirmative defenses that appear on the face of the plaintiffs' complaint).

2

company affiliated with Bagley. By early 2000, plaintiffs still had not reached an agreement with Bagley, and questioned whether a relationship with Bagley and his associates made business sense.

In April 2000, Bagley set up a meeting in New York with ART, BCM, and defendant Leslie Brun, an individual residing in the state of New York, and HLA, a Pennsylvania corporation owned by Brun with its principal place of business in New York. Plaintiffs had one meeting with HLA and Brun in New York on April 5, 2000, in which plaintiffs allege that they were led to believe that HLA would provide them with financing if they entered into a separate consulting agreement with Mattise.

Less than two weeks later, plaintiffs entered into a consulting agreement with Mattise. Later, plaintiffs learned that HLA was not in a position to help them with financing. Plaintiffs then filed suit in March 2002 in federal district court in Texas against defendants alleging fraud, conspiracy to defraud, and negligent misrepresentation. Plaintiffs asserted that HLA, Brun, and Bagley all conspired to fraudulently convince plaintiffs to enter into a contract with Matisse by promising financing from HLA if plaintiffs entered into such a contract and that they would not have entered into the consulting agreement but for the fraudulent representations of defendants. In response, defendants HLA and Brun moved to dismiss for lack of personal jurisdiction, which the district court granted. All of the claims against HLA and Brun

3

were dismissed with prejudice.

Bagley moved to dismiss plaintiffs' fraud complaint because plaintiffs did not plead fraud with particularity as required by Rule 9(b). The district court agreed, granted Bagley's motion, and dismissed all claims against Bagley with prejudice, including plaintiffs' negligent misrepresentation claims which had not been previously discussed by the district court. Plaintiffs timely appealed.

## II.

### A.

Plaintiffs initially argue that the district court erred in holding that the court lacked personal jurisdiction over HLA and Brun. Alternatively, plaintiffs contend that even if the court lacked personal jurisdiction over those defendants, the district court erred in dismissing the claims with prejudice.

The plaintiff bears the burden of establishing the district court's personal jurisdiction over a nonresident who moves for dismissal.[2] When, as here, the district court does not hold a full evidentiary hearing on personal jurisdiction, the district court can consider affidavits and other properly obtained evidentiary

---

[2] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

4

materials when making its determination.[3]  The district court shall, however, accept the uncontroverted allegations in the complaint as true and shall resolve all factual conflicts in favor of the plaintiff.[4]

The federal court sitting in diversity in Texas has personal jurisdiction over a defendant to the same extent as the Texas state courts.[5]  "[I]t is well-established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment," so our inquiry collapses into whether Texas can exercise personal jurisdiction over HLA and Brun consistent with Due Process.[6]

According to the long-established Due Process standard, a court can constitutionally exercise personal jurisdiction over a defendant if (1) the defendant has "minimum contacts" with the forum state and (2) the exercise of such jurisdiction does not "offend traditional notions of fair play and substantial justice."[7] "The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal

---

[3]*Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

[4]*Wilson*, 20 F.3d at 648.

[5]*Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

[6]*Id.*

[7]*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

jurisdiction and those that give rise to 'general' personal jurisdiction."[8] When the cause of action is related to or arises from the defendant's contacts with the forum state, then the court has specific jurisdiction over the defendant for that cause of action.[9] If the defendant has "continuious and systematic" contacts with the forum state, then the court can exercise jurisdiction over the defendant generally.[10] The parties in this case concede that Texas does not have general jurisdiction over HLA or Brun, so our inquiry narrows into whether Texas has specific jurisdiction over HLA and Brun for this cause of action.

For specific jurisdiction purposes, "whether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state."[11] In making this case-by-case determination, courts focus on whether the defendant's contacts with the forum state should cause the defendant to "reasonably anticipate" being subject to

---

[8]*Wilson*, 20 F.3d at 647.

[9]*Id.*

[10]*Id.*

[11]*Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

jurisdiction in that state.[12]  In addition, courts examine whether the defendant has "purposefully directed" its activities toward the forum state or whether, in contrast, the defendant's contacts with the forum state are simply "random" or "fortuitous."[13]  "[M]erely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."[14]  In addition, communications or contractual payments directed to a forum, standing alone, do not constitute purposeful availment of the forum, but simply reflect "the mere fortuity that [the plaintiff] happens to be a resident of the forum."[15]

The district court found that HLA and Brun did not have sufficient minimum contacts with Texas to subject them to personal jurisdiction there.  We agree.  HLA and Brun's sole connection to this case involves the April 5, 2000, meeting in New York in which Brun, on behalf of HLA, allegedly made fraudulent statements to plaintiffs on which plaintiffs allegedly relied.  HLA and Brun did not sign a contract with plaintiffs nor did they enter into any other sort of business relationship with plaintiffs.  HLA and Brun

---

[12]*Wilson*, 20 F.3d at 648-49.

[13]*Id.; see also Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985).

[14]*Hold Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 778 (5th Cir 1986) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

[15]*Id.* (internal citations and quotations omitted.).

also did not direct any communications toward Texas or even lead plaintiffs to believe that they *would* direct any communications toward Texas. One meeting in New York City between Brun and plaintiffs does not create minimum contacts sufficient to cause HLA and Brun to "reasonably anticipate" being subject to suit in Texas. To the extent this case relates to Texas at all, it does so only through "the mere fortuity that [the plaintiffs] happen to be [] resident[s] of [Texas]."[16]

The district court, however, erred in dismissing HLA and Brun with prejudice. The district court's ruling on personal jurisdiction did not address the merits of plaintiff's allegations as to HLA and Brun, and, as a result, the claim against them should have been dismissed without prejudice for filing in an appropriate

---

[16]Plaintiffs also argue that Texas should have personal jurisdiction over HLA and Brun because Bagley was in a conspiracy with HLA and Brun to defraud plaintiffs and, therefore, that Bagley's actions can be imputed to HLA and Brun for personal jurisdiction purposes. We disagree. Plaintiffs have presented no facts supporting a conspiracy among the defendants, alleging only that Brun and HLA made false statements to plaintiffs "only to induce [plaintiffs] to enter into the contract that Bagley desired," without any factual support for the assertion. As the district court correctly noted, bare allegations of conspiracy without factual support do not suffice to establish minimum contacts for personal jurisdiction purposes. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 631-32 (5th Cir. 1999) ("[A] general allegation of conspiracy without a statement of the facts constituting that conspiracy is only an allegation of a legal conclusion.").

forum.[17]   Rule 41(b) of the Federal Rules of Civil Procedure "specifically exempts dismissals for lack of jurisdiction . . . from the presumption that the dismissal is with prejudice."[18]

Accordingly, we AFFIRM the district court's dismissal of HLA and Brun for lack of personal jurisdiction.  However, we REVERSE the district court's judgment to the extent that the dismissal is with prejudice.

B.

Plaintiffs also argue that the district court erred by dismissing their fraud and negligent misrepresentation claims against defendant Bagley.  The district court dismissed these claims because plaintiffs did not plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[19]  Rule 9(b) serves several purposes, including

---

[17]*Hollander v. Sandoz Pharmaceuticals Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999); *Arrowsmith v. United Press, Int'l*, 320 F.2d 219 (2nd Cir. 1963).

[18]8 Moore's Federal Practice § 41.50[7][c] (Matthew Bender 3d ed.) (citing *Costello v. United States*, 365 U.S. 265, 285 (1961) (discussing "lack of jurisdiction over the person or subject matter" as examples of dismissals that should be without prejudice pursuant to Rule 41)); Fed R. Civ. P. 41.

[19]Fed. R. Civ. P. 9(b).

protecting a defendant's reputation from the harm that general, unsubstantiated fraud accusations will cause,[20] and preventing a claimant from searching for a valid particular claim after filing suit.[21]

What constitutes particularity for purposes of Rule 9(b) "necessarily differ[s] with the facts of each case and hence the 5th Circuit has never articulated the requirements of Rule 9(b) in great detail."[22]  However, this Court has established that "Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby."[23]  In addition, "[a]lthough scienter may be averred generally, case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth *specific facts* that support an inference of fraud."[24]

---

[20]*Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).

[21]2 Moore's Federal Practice § 9.03[1][a] (Matthew Bender 3d ed.) (citing *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985).

[22] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).

[23]*Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

[24]*Id.* (emphasis added).

This Court reviews a district court's Rule 9(b) dismissal *de novo*.[25]

On October 24th, 2002, the district court held that plaintiffs' original complaint did not plead fraud with the particularity required by Rule 9(b) but allowed plaintiffs "leave to replead their claims against Bagley" because it was "mindful of the well-settled principle that dismissal should be avoided until the plaintiffs have been afforded an opportunity to file an amended complaint."[26] Plaintiffs filed an amended complaint on November 14, 2002. Bagley again moved for dismissal of the complaint under Rule 9(b). On January 16th, 2003, the district court granted Bagley's motion and dismissed all of plaintiffs' claims with prejudice.

Reviewing plaintiffs' amended complaint *de novo*, we agree with the district court that plaintiffs' fraud claims should be dismissed under Rule 9(b) for failure to plead fraud with particularity. With regards to defendant Bagley, plaintiffs allege that "[i]n the negotiations leading up to the signing of the Consulting Agreement on April 13, 2002, Bagley represented that he had contacts and business relationships with individual financing institutions that would assist [plaintiffs] . . . Bagley made the[se] statements for the sole purpose of inducing [plaintiffs] into signing a contract with him and his company." This statement

---

[25]*See Melder v. Morris*, 27 F.3d 1097, 1099, n. 4 (5th Cir. 1994).

[26]October 24, 2002 Memorandum Order (Civil Action 3:02-CV-0641-G) (N.D. Tx.).

does not meet Rule 9(b)'s enhanced pleading requirements. Specifically, alleging that a defendant made false statements during "negotiations leading up to" an event for the purpose of inducing someone to enter into a contract with him–without any additional factual support–does not allege the particular time and place of the false representations, nor does it set forth any "specific facts" to support the inference of fraud. In short, it does not satisfy Rule 9(b), and we affirm the district court's decision dismissing it.[27]

### C.

However, in addition to dismissing the fraud claim, the district court, without analysis or discussion, dismissed plaintiffs' claims of negligent misrepresentation against Bagley *sua sponte* for failure to plead the claims with particularity. This dismissal was in error and we reverse. Rule 9(b) is an exception to the liberal federal court pleading requirements embodied in Rule 8(a).[28] Rule 9(b)'s stringent pleading requirements should not be

---

[27]All of plaintiffs' other allegations of fraud involve allegations of conspiracy among Bagley and Brun and HLA to defraud plaintiffs. As explained above, vague allegations of conspiracy, without factual support do not suffice to overcome a motion to dismiss. *See* footnote 15, *supra,* and the cases cited therein.

[28]*See* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

12

extended to causes of actions not enumerated therein.[29] Accordingly, plaintiffs' negligent misrepresentation claims are only subject to the liberal pleading requirements of Rule 8(a), which Bagley does not contest that they satisfy.[30]  Therefore, it

[29]*Swierkiewicz v. Sorema N.A*, 534 U.S. 506, 513 (2002) ("This Court, however, has declined to extend [Rule 9(b)'s] exceptions to other contexts.); *Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993) (indicating that the doctrine of *expressio unius est exclusio alterius* operates to prevent courts from expanding Rule 9(b)'s stringent pleading requirements to other causes of action); *see also* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1297 ("Since [Rule 9(b)] is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses.").

[30]In their brief, plaintiffs properly distinguished between their fraud and negligent misrepresentation claims and correctly argued that the Rule 9(b) requirement of particularized pleading of fraud by its terms does not apply to negligent misrepresentation claims.  Bagley argues to the contrary and mistakenly relies on *Williams v. WMX Technologies*, 112 F.3d 175, 177 (5th Cir. 1997) and *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 n.5 (5th Cir. 1993).  Those cases are inapposite for two reasons.  First, the plaintiffs in those cases failed to distinguish their negligent misrepresentation claims in their appellate briefs and argue them separately from their fraud claims, thus waiving the argument that their negligent misrepresentation claims should not have been dismissed because they were not subject to Rule 9(b) and its particularized pleading requirement.  *See Williams*, 112 F.3d at 177 (indicating that the parties "do not attempt to distinguish [the fraud and negligent misrepresentation claims] in their briefs"); *Shushany*, 992 F.2d at 520 n.5 (noting that the appellant did not attempt to distinguish the claims in his brief and that issues not briefed are waived).  *Benchmark Electronics v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003), decided after briefing in this case was completed, is also not applicable because in *Benchmark* the appellant failed to distinguish between its fraud claims and negligent misrepresentation claims on appeal.  *See Benchmark*, 343 F.3d at 723.  Second, this court in *Williams,* 112 F.3d at 177, and *Shushany*, 992 F.2d at 520 n.5, did not purport to amend Rule 9(b).  Congress has empowered the Supreme Court to issue general

was error for the district court to dismiss plaintiffs' negligent misrepresentation claims for failure to plead with particularity.

### III.

We REVERSE in part the district court's dismissal of HLA and Brun for lack of personal jurisdiction with prejudice. We AFFIRM the dismissal of plaintiffs' fraud claims against Bagley. We VACATE the district court's dismissal of plaintiffs' negligent misrepresentation claims with prejudice. We REMAND with instructions to convert the dismissal of HLA and Brun into a dismissal without prejudice, to consider plaintiffs' negligent misrepresentation claims against defendant Bagley, and for any other proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

---

rules of procedure binding on the District Courts. 28 U.S.C. § 2072(a). This court has no authority to amend the rules established by the Supreme Court. 28 U.S.C. § 2071.