REVISED JUNE 7, 2012

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2012

Lyle W. Cayce
Clerk

No. 11-60360

ITL INTERNATIONAL, INCORPORATED, doing business as Mars Caribbean and Central America, formerly doing business as Master Foods Interamerica; MARS, INCORPORATED,

Plaintiffs-Appellants

v.

CAFÉ SOLUBLE, S.A.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-00477

Before KING, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This case arises out of a commercial dispute between Mars, Inc. and its subsidiary ITL International, Inc. (collectively, "Mars" or "Plaintiffs-Appellants") and Mars's former Nicaraguan distributor, Café Soluble, S.A. ("Café Soluble" or "Defendant-Appellee"). Mars seeks a declaratory judgment stating, primarily, that it is not liable to Café Soluble for terminating the importation and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribution agreement between the parties, notwithstanding Nicaraguan law that may impose penalties for such termination. Café Soluble moved to dismiss the complaint for lack of personal jurisdiction. Mars responded that Café Soluble has sufficient contacts with Mississippi for purposes of specific jurisdiction because it received twelve shipments of Mars's products F.O.B. Gulfport, Mississippi between 2008 and 2010. The district court dismissed the complaint, holding that (1) Café Soluble was subject to the court's jurisdiction under Mississippi's long-arm statute, (2) Café Soluble had purposeful contacts with Mississippi, and (3) Mars's claims are sufficiently related to those Mississippi contacts, but that (4) asserting jurisdiction over Café Soluble would not be fair and reasonable.[1]

After the appeal of this case was briefed, another panel of this court issued an opinion in ITL International, Inc. v. Constenla, S.A.[2] In that case, Mars brought suit in the same Mississippi district court that we are reviewing here, seeking a declaration that it was not liable to Constenla, its Costa Rican distributor, despite Costa Rican law to the contrary. The panel in that case held that (1) Constenla fell under Mississippi's long-arm statute, and (2) Constenla had purposeful contacts with Mississippi, but that (3) Mars's claims do not "arise out of or relate to" those Mississippi contacts, stating:[3]

> Although the contract was partially performed in Mississippi, the dispute here does not arise out of or result from that partial performance. This dispute concerns only trademark claims[4] and general contract issues—transfer, assignment, application, liability,

---

[1] See Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002) (setting out requirements for exercising specific jurisdiction).

[2] No. 10–60892, 2012 WL 266987 (5th Cir. Jan. 31, 2012).

[3] Id. at *5 (citations omitted).

[4] Mars also brought trademark claims in the instant case, but it informed us in its reply brief that it is no longer pursuing those claims.

termination, interpretation—that have, at most, a superficial and highly attenuated connection to the minimal activity that took place in Mississippi. In fact, this lawsuit is oriented almost exclusively toward activity that has taken place or may eventually take place in Costa Rica, and nothing in the facts, claims, causes of action, or prayer sections of the complaint makes reference to Mississippi or to activity that took place there. This case is not about damaged goods delivered in Gulfport but rather about distribution in Costa Rica and associated contract and trademark issues. The contract claims present rather abstract questions of law that have no relation to passing the goods from plaintiffs to defendants in Gulfport. Indeed, plaintiffs allege no injury flowing from the transport of the goods, and neither party to the contract was a Mississippi resident when the contract was made or performed. . . . Whether the defendants took possession of the goods in Mississippi, Florida, or some other state makes no difference to the claims in this lawsuit. Partial performance in a state, without more, does not provide an adequate nexus with claims that do not arise out of or result from that performance.

As the instant case is not distinguishable from Constenla in any material respect, we hold that Mars's claims do not arise out of or relate to Café Soluble's Mississippi contacts for purposes of specific jurisdiction.

Mars also claims that the district court has general jurisdiction over Café Soluble because Café Soluble accepted delivery of the twelve shipments at Gulfport. Assuming that this contention was preserved below, we reject it because "mere purchases, even if occurring at regular intervals" are insufficient to support general jurisdiction.[5]

Accordingly, we affirm the district court's ruling that it lacks personal jurisdiction over Café Soluble.[6] The district court, however, dismissed Mars's contract claims with prejudice. Mars correctly insists that a dismissal "for lack

---

[5] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984).

[6] See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997) (court of appeals may affirm on any ground supported by the record).

of jurisdiction" does not "operate[] as an adjudication on the merits"[7] and thus should have been without prejudice.[8] We therefore reverse the district court's dismissal to the extent that it is with prejudice, and we remand with instructions to amend the order to specify that the dismissal is without prejudice. Finally, we deny Mars's motion for an international anti-suit injunction against Café Soluble as moot.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

---

[7] Fed. R. Civ. P. 41(b).

[8] American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc., 115 Fed.Appx. 662, 666-67 (5th Cir. 2004) (unpublished).