# United States Court of Appeals for the Fifth Circuit

---

No. 22-20084

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2023

Lyle W. Cayce
Clerk

Alejandro Evaristo Perez,

*Plaintiff—Appellant*,

*versus*

The Walt Disney Company,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-765

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Alejandro Evaristo Perez, proceeding *pro se*,[1] sued "Disney Corporation," a nonexistent entity, in the United States District Court for the Southern District of Texas. According to Perez, the "Disney Corporation" violated federal copyright and antitrust laws by interfering with his relationship with non-party "Amazon Corporation." Specifically,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Latin term "*pro se*" means "for oneself, on one's own behalf." Thus, a party proceeds *pro se* when he or she is not represented by an attorney.

No. 22-20084

Perez contends that "Disney Corporation" "misguided" Amazon to stop selling his paperback novel, entitled "The Real Lord Vader-the Destroyer of Start Wars."

Because "Disney Corporation" does not exist, The Walt Disney Company ("TWDC"), as the parent holding company for various Disney-affiliated entities, appeared for the purpose of filing a motion seeking dismissal for lack of personal jurisdiction and lack of capacity.[2] Concluding Perez's allegations did not identify sufficient contacts between TWDC and the State of Texas to support general or specific personal jurisdiction, the district court granted the motion to dismiss with prejudice.

On appeal, Perez's arguments, even construed liberally given his *pro se* status, identify no reversible error in the district court's personal jurisdiction assessment. Although Perez reiterates the existence of "Disney" stores and various Disney-affiliated events in Texas, a subsidiary's contacts with the forum state generally are not imputed to a parent company if the subsidiary is operated as a distinct corporation. *See Frank v. PNK (Lake Charles) L.L.C.,* 947 F.3d 331, 338 (5th Cir. 2020) (this court generally does not impute contacts across parents and subsidiaries for jurisdictional purposes) (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773–75 (5th Cir. 1988)). Perez's vague "Disney" references fall far short of demonstrating that an exception to this general principle applies here. And Perez's remaining assertions—complaints about the district court's docket management—reveal no abuse of discretion.

Accordingly, we affirm the district court's ruling that it lacks personal jurisdiction over TWDC. However, because a dismissal "for lack of

---

[2] Perez's April 1, 2021 response to TWDC's motion to dismiss identifies the defendant as "Disney Corporation; AKA The Walt Disney Company Corporation."

jurisdiction" is not an "adjudication on the merits," the dismissal ordered by the district court should have been *without* prejudice. *See* Fed. R. Civ. P. 41(b)*; ITL Int'l, Inc. v. Cafe Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (unpub.) (citing *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 667 (5th Cir. 2004) (unpub.)). We therefore reverse the district court's February 9, 2022 order to the extent that it dismisses "with prejudice" and remand with instructions to amend the order to specify that dismissal is "without prejudice."

AFFIRMED IN PART; REVERSED IN PART; REMANDED.