# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60465

————————

GLEN PACE,

*Plaintiff—Appellant*,

*versus*

CIRRUS DESIGN CORPORATION, *Individually* AND *doing business as* CIRRUS AIRCRAFT CORPORATION; CONTINENTAL AEROSPACE TECHNOLOGIES, INCORPORATED, *Individually* AND *doing business as* CONTINENTAL MOTOR CORPORATION; AMSAFE, INCORPORATED; APTERYX, INCORPORATED, *doing business as* ARAPAHOE AERO; HARTZELL ENGINE TECHNOLOGIES; FIXED WING AVIATION MAINTENANCE; SPECIAL SERVICES CORPORATION; DON GEORGE AIRCRAFT; AIRCRAFT SPRUCE & SPECIALTY COMPANY,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-685

————————————————————

Before SMITH, WIENER, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60465

Plaintiff-Appellant Glen Pace appeals the district court's dismissal of his complaint against Defendants-Appellees Cirrus Design Corporation, d/b/a Cirrus Aircraft Corporation ("Cirrus"), Continental Aerospace Technologies, Incorporated, d/b/a Continental Motor Corporation ("Continental"), AmSafe, Incorporated ("AmSafe"), Apteryx, Incorporated, d/b/a Arapahoe Aero ("Apteryx"), Hartzell Engine Technologies ("Hartzell"), Fixed Wing Aviation Maintenance ("Fixed Wing"), Special Services Corporation ("SSC"), Don George Aircraft ("Don George"), and Aircraft Spruce & Specialty Company ("ASSC"). Pace challenges the district court's determination that it had subject matter jurisdiction and its dismissal of all defendants. We AFFIRM the district court's conclusions, with the exception of its dismissal of Cirrus, Continental, AmSafe, and Apteryx with prejudice. We therefore REVERSE IN PART and REMAND with instructions to the district court to amend its order to specify that its dismissal of those defendants is without prejudice.

## I. Background and the Effect of the Court's Decision in *Pace I*

This dispute arises out of personal injuries that Pace sustained after the single-engine general aviation aircraft that he was piloting crashed during a flight between Terrell, Texas, and Gladewater, Texas. In Pace's first action based on these underlying facts, he filed suit in Mississippi state court. The case was removed to federal court, then dismissed on personal jurisdiction grounds. On appeal, a panel of this court affirmed, holding that (1) removal was proper because the two non-diverse defendants, Wade Walters and Performance Aviation (the "Mississippi defendants"), were improperly joined, and (2) the district court was correct in concluding that it lacked personal jurisdiction over defendants Cirrus Continental, Apteryx, and AmSafe. *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894, 902 (5th Cir. 2024) ("*Pace I*").

Shortly after Pace filed a notice of appeal in *Pace I*, he filed a second action in state court ("*Pace II*") based on the same underlying facts, but adding five additional corporate defendants: Hartzell, Fixed Wing, SSC, Don George, and ASSC. **ROA.55-63 (*Pace II* complaint);** *compare with* **ROA.353-383 (*Pace I* complaint).** As in *Pace I*, the only non-diverse defendants in *Pace II* were the Mississippi defendants. After removal, the district court held in *Pace II* that (1) res judicata barred relitigation of the improper joinder issue, so it had diversity subject matter jurisdiction; and (2) res judicata and/or lack of personal jurisdiction required dismissal of the remaining defendants. **ROA.6289.** As for the corporate defendants that were originally parties to *Pace I*, the district court concluded that res judicata barred Pace's relitigation of the claims against Cirrus, Continental, Apertyx, and AmSafe, and dismissed those claims with prejudice. **ROA.6267-6270.** As for the newly-added defendants (the "*Pace II* defendants"), the district court conducted a new analysis of personal jurisdiction, found that it lacked personal jurisdiction, and dismissed Pace's claims against Hartzell, Fixed Wing, SSC, and Don George without prejudice. **ROA.6276-6284.** It also dismissed Pace's claims against ASSC for his failure to prosecute them without prejudice and denied his motion for jurisdictional discovery. **ROA.6289.** Pace appealed.**ROA.6295-6296.**

As in *Pace I*, the only non-diverse defendants are the Mississippi defendants. Because we are bound by our decision in *Pace I*, and because Pace's complaint in *Pace II* is simply a reiteration of the complaint in *Pace I* with the addition of five new defendants, we need not conduct another analysis of whether the Mississippi defendants were improperly joined. We reaffirm our conclusion in *Pace I*, as well as the district court's conclusion in *Pace II* that the joinder to the action of the non-diverse Mississippi defendants did not deprive the district court of subject matter jurisdiction. *See Pace I*, 93 F.4th at 894. The district court thus properly denied Pace's motion to remand and

had jurisdiction to consider the remaining defendants' various motions to dismiss. Furthermore, based on our conclusion in *Pace I* that the district court did not have personal jurisdiction over defendants Cirrus, Continental, Apteryx, and AmSafe, we will not conduct yet another jurisdictional analysis as to those defendants. *See id.* at 898–902. The district court was again correct, in *Pace II*, in concluding that Cirrus, Continental, Apteryx, and AmSafe should be dismissed. However, it erred in dismissing those defendants with prejudice.

Res judicata requires the preclusive judgment to be on the merits. A dismissal for lack of personal jurisdiction, however, is ordinarily not an adjudication on the merits. *See Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999); *Perez v. Walt Disney Co.*, No. 22-200084, 2023 WL 3092288, at *1 (5th Cir. Apr. 26, 2023) (unpublished); *ITL Int'l, Inc. v. Cafe Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (unpublished). Nevertheless, "[a]lthough a jurisdictional ruling is technically not an adjudication on the merits, '[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.'" *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) (quoting *Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 435 (5th Cir. 2009) (per curiam)). Taken together, the district court correctly concluded that res judicata barred Pace's attempt to relitigate its adverse jurisdictional rulings regarding Cirrus, Continental, Apteryx, and AmSafe. But, because the *merits* of Pace's claims against these defendants have never been decided, the dismissal should have been without prejudice. *See Perez*, No. 22-20084, 2023 WL 3092288, at *1. We therefore reverse that portion of the district court's order and remand with instructions to indicate that its dismissal of Cirrus, Continental, Apteryx, and AmSafe is without prejudice. *See id.*

Our disposition of *Pace I*, which occurred during the pendency of this appeal, alleviates us from the responsibility of analyzing whether the district

court properly dismissed the Mississippi defendants on grounds of improper joinder and the *Pace I* defendants for lack of personal jurisdiction. Therefore, the issues we must now address have been narrowed to whether the district court erred in its (1) conclusion that it lacked personal jurisdiction over Hartzell, Fixed Wing, SSC, and Don George; (2) dismissal of ASSC for Pace's failure to prosecute; and (3) denial of Pace's motion for jurisdictional discovery. We will now examine each in turn.

## II. Whether the District Court Had Personal Jurisdiction Over the *Pace II* Defendants

"For a court to issue a binding judgment against a defendant, it must have both subject matter and personal jurisdiction over the defendant." *Pace I*, 93 F.4th at 894. Personal jurisdiction over a nonresident defendant exists if (1) the forum's long-arm statute establishes personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with federal due process. *See id.* (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)). Here, the district court concluded that Pace had failed to satisfy his burden of proving the constitutional component of the personal jurisdiction analysis as to any of the remaining defendants. **ROA.6276 n.4; ROA.6284.** We review that conclusion de novo. *Revell*, 317 F.3d at 469.

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a . . . tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). A court may "exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). The "fair play and substantial justice" framework originally established in *International Shoe* "presaged the development of two categories of personal jurisdiction": (1)

general and (2) specific. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The district court concluded that Pace had failed to establish the existence of either general or specific personal jurisdiction over the remaining defendants.

### A. General Jurisdiction

General jurisdiction requires that a defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* at 139 (alterations and internal quotation marks omitted). "A corporation is at home where its place of incorporation and its principal place of business are located." *Pace I*, 93 F.4th at 898. In "exceptional" circumstances—those that "are incredibly difficult to establish"—general jurisdiction may exist when a corporate defendant's operations are "so substantial and of such a nature as to render the corporation at home in" the forum state. *Id.* (first quoting *Frank v. P N K (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020); then quoting *Daimler*, 571 U.S. at 139 n.19).

Pace does not contend that the remaining *Pace II* corporate defendants are incorporated or that they have their principal places of business in Mississippi. *See Blue Br.* **at 78-80.**[1] Neither does Pace demonstrate the existence of "exceptional" circumstances that would warrant a finding of general personal jurisdiction over the *Pace II* defendants. Instead, Pace insists that the district court had specific personal jurisdiction over the *Pace II*

---

[1] Pace reiterates the argument—originally asserted in *Pace I*—that the "District Court erred in failing to apply the recent United States Supreme Court decision, *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 143 S. Ct. 2028, 216 L. Ed. 2d 815 (2023), which expands personal jurisdiction to any foreign corporation which registered to do business in Mississippi, including AmSafe." **Blue Br. at 24.** The panel in *Pace I* specifically rejected this argument, and we need not address it again here, because Pace does not explain why it would be applicable to the *Pace II* defendants. *See Pace I*, 93 F.4th at 898–99.

defendants. The district court thus did not err in concluding that it lacked general personal jurisdiction over those defendants.

### B. Specific Jurisdiction

As we have explained, "specific jurisdiction exists when a defendant purposefully avails itself of the privilege of conducting activities within a forum state, the plaintiff's claims arise out of or relate to the defendant's 'minimum contacts,' and maintaining the suit would not offend traditional notions of fair play and substantial justice." *Pace I*, 93 F.4th at 900 (footnote omitted) (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–60 (2021)). As in *Pace I*, "Pace argues the corporate defendants' conduct here mirrors that in *Ford* and subjects these defendants to specific jurisdiction." *See id.* **See Blue Br. at 78-79.** Again, the only meaningful difference between the complaint in *Pace I* and the one before us now is the addition of Hartzell, Fixed Wing, SSC, Don George, and ASSC as defendants. In fact, on appeal, Pace spends a significant portion of his briefing on the issue of specific personal jurisdiction simply restating why the minimum contacts between the *Pace I* defendants and Mississippi should satisfy the specific personal jurisdiction standard—a theory *expressly rejected* by the panel in *Pace I*. As Pace maintains:

> The fact-based claims against George, Fixed Wing, SCC, Hartzell, and [ASSC] (hereinafter *Pace II* Defendants) are detailed above [in the discussion of the *Pace I* defendants] and demonstrate specifically how each of these *Pace II* Defendants' principal activities, most notably their relationship to the manufacturing, servicing, repairing, and inspecting of the cylinders and other parts of the Continental aircraft engine, were specifically affiliated with the Cirrus Aircraft that crashed in 2019 and injured Pace. These Defendants' activities are directly related to the State of Mississippi. As in *Ford Motor Co.*, Pace carefully demonstrated the link between these *Pace II*

> Defendants' direct involvement in the products and services that injured Pace.

**Blue Br. at 78.** Not only does Pace reiterate the theory he advanced in *Pace I*—one that has been expressly rejected by a published decision of this court—he does not now on appeal specifically explain (1) the contacts between the *Pace II* defendants and the forum and (2) how Pace's alleged injuries arose from the *Pace II* defendants' contacts with the forum.[2] Pace's arguments, in essence and in fact, are mere duplications of the ones he advanced unsuccessfully in *Pace I*. Nevertheless, we briefly explain below why the district court did not err in concluding that it lacked personal jurisdiction over the newly-added *Pace II* defendants.

As to Fixed Wing, Pace alleges that the company "negligently designed, manufactured, maintained, repaired, and/or inspected . . . component parts" of the aircraft Pace was piloting. **ROA.52.** Fixed Wing, on the other hand, presented an uncontroverted affidavit establishing that it is incorporated and has its principal place of business in Florida. **ROA.473.** The affidavit also indicates that Fixed Wing (1) does not have any operations in Mississippi; (2) is not registered to do business in Mississippi; (3) does not maintain an office, bank account, P.O. box, or telephone in Mississippi; (4) does not own or lease land in Mississippi; and (5) does not have any employees residing in Mississippi. **ROA.473.** Although Fixed Wing concedes that, in 2017, it replaced two component parts on the Continental engine which was a part of the Cirrus aircraft that Pace was piloting at the time of the 2019 crash in Texas, those replacements occurred in Florida.

---

[2] Such an abdication constitutes a waiver of the issues on appeal. *See* Fed. R. App. P. 28(a)(8)(A); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 & n.27 (5th Cir. 1994) (holding that appellant waived argument when it failed to cite authority in support of its one-page discussion of issue).

**ROA.473.** Additionally, Fixed Wing performed an inspection of the aircraft in 2019, but that inspection also occurred in Florida. **ROA.473.** Because any maintenance, repair, or inspection, as well as the injury, occurred outside of Mississippi, and Fixed Wing's uncontroverted affidavit establishes a lack of contacts with Mississippi, the district court did not err in dismissing Pace's claims against Fixed Wing for lack of personal jurisdiction. *See Pace I*, 93 F.4th at 901–02.

For Don George, Pace similarly alleges that the entity "placed its products or services in the stream of commerce in the State of Mississippi and caused or substantially contributed to the engine failure" that precipitated the crash of the plane. **ROA.62.** Just as did Fixed Wing, Don George submitted an uncontroverted affidavit demonstrating that it is incorporated in Florida and maintains its principal place of business in Florida. **ROA.668.** Don George's affidavit also shows that the company does not maintain a presence of any kind in Mississippi. **ROA.668-669.** Although that affidavit indicates that it serviced cylinders on behalf of Fixed Wing in 2017, and that it sold new cylinders to Fixed Wing in 2017, those activities all occurred in Florida. **ROA.669.** Moreover, even if Pace had demonstrated sufficient minimum contacts between Don George and Mississippi, he fails to demonstrate how his claims arise out of Fixed Wing's purported contacts with the forum state. Again, the district court did not err in dismissing Don George from the litigation for lack of personal jurisdiction. *See Pace I*, 93 F.4th at 901–02.

As to SSC, Pace alleges that it "negligently performed maintenance work on the aircraft in question on November 2, 2017, April 30, 2018, January 2, 2019, and February 4, 2019." **ROA.57.** SSC offered an uncontroverted affidavit establishing that it is incorporated in South Carolina, maintains its principal place of business in South Carolina, and performed maintenance on the plane involved in the crash in South Carolina. **ROA.946-47.** As with

Fixed Wing and Don George, the affidavit also indicates that SSC lacks any presence in Mississippi. **ROA.946.** The district court, therefore, did not err in dismissing SSC from the litigation for lack of personal jurisdiction. *See Pace I*, 93 F.4th at 901–02.

As to Hartzell, Pace alleges that the entity "negligently installed, maintained, . . . repaired and/or replaced" various component parts of the plane's engine. **ROA.60.** Hartzell, for its part, submitted an uncontroverted affidavit stating that it is a Delaware LLC and maintains its principal place of business in Ohio. **ROA.1922.** The affidavit also shows that Hartzell does not maintain any presence in Mississippi. **ROA.1922-1923.** That uncontroverted affidavit confirms that Hartzell "designs and builds its various products in its facilities in Montgomery, Alabama." **ROA.1923.** Even if Pace could demonstrate minimum contacts between Hartzell and Mississippi, he fails entirely to link those contacts with his claims against the company. The district court thus did not err in dismissing Hartzell from the action for lack of personal jurisdiction. *See Pace I*, 93 F.4th at 901–02.

Finally, as all of the *Pace II* defendants, Pace asserts on appeal that they "made representations, published advertisements, and issued warranties and certifications which represented to other entities and to individuals (including Pace) in the State of Mississippi that the Cirrus Aircraft, its Continental engine, and Am[S]afe restraint system were safe, airworthy and not defective, and not unreasonably dangerous." **Blue Br. at 78.** As an initial matter, Pace's failure to cite any authority in support of this contention—one that could be potentially dispositive of the specific personal jurisdiction issue—constitutes a waiver of the argument on appeal. *See L & A Contracting Co.*, 17 F.3d at 113 & n.27. And, substantively, we can safely reject Pace's generalizations for the same reasons stated in our decision in *Pace I*—namely, that he fails to link any representation, advertisement, or other

communication made to the forum with his claims. *See Pace I*, 93 F.4th at 900–01.

In sum, the district court did not err in dismissing Fixed Wing, Don George, SSC, and Hartzell for lack of personal jurisdiction.[3] We therefore turn next to that court's decision to dismiss ASSC for Pace's failure to prosecute.

### III. Dismissal of ASSC for Failure to Prosecute

ASSC is the only *Pace II* defendant that the district court dismissed from the action for Pace's failure to prosecute.[4] **ROA.6272.** The notice of removal was filed on November 28, 2022. The record indicates that Pace did not serve ASSC until January 17, 2023. **ROA.1619.** According to the district court, ASSC's answer was due by February 7, 2023, but—as of August 10, 2023—the company "ha[d] not appeared or filed an answer or a Rule 12 motion." **ROA.6272.** Despite this, Pace failed to take any further action—such as seeking a default judgment—against ASSC. Accordingly, the district court dismissed ASSC without prejudice for Pace's failure to prosecute pursuant to its "inherent authority to control its cases" under Rule 41(b) of the Federal Rules of Civil Procedure. **ROA.6272.**

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S. G. E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). We review such dismissals for abuse of discretion. *Id.* "When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation, our

---

[3] Because we conclude that the district court did not err in holding that it lacked personal jurisdiction over the *Pace II* defendants, we need not reach its alternative holding that the *Pace II* defendants should be dismissed for Pace's impermissible claim splitting.

[4] ASSC did not file a motion to dismiss, as it has never appeared in the case.

examination is searching, and we review the dismissal as we would a dismissal with prejudice.'" *Id.* (quoting *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016)).

Neither the district court nor Pace addresses whether the *sua sponte* dismissal of ASSC had the effect of operating as a dismissal with prejudice, i.e., whether a statute of limitations would bar Pace's claims against ASSC. Furthermore, ASSC has never appeared in this litigation, either at the district court or before this court. We therefore have little ability to discern the proper standard with which we must review the district court's Rule 41(b) dismissal of ASSC. However, Pace has failed entirely to brief whether the district court abused its discretion at all—let alone assert which standard should apply. Pace's only discussion of his failure to prosecute the claims against ASSC appears in his argument that the district court erred in refusing to remand the action because ASSC did not consent to the removal.[5] *See* **Blue Br. at 27-28.** Pace has therefore waived this issue on appeal. *See L & A Contracting Co.*, 17 F.3d at 113 & n.27. Assuming that the effect of the Rule 41(b) dismissal was without prejudice, we conclude that the district court should "be allowed leeway in the difficult task of keeping [its] docket[] moving." *Duncan v. Smith*, No. 95-60422, 70 F.3d 1267 (5th Cir. 1995) (per curiam) (quoting *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Accordingly, the district court did not abuse its discretion. *See id.*

Having reviewed the district court's dismissal of all of the *Pace II* defendants, we must next determine whether it erred in denying Pace jurisdictional discovery.

## IV. Jurisdictional Discovery

---

[5] In any case, this argument is inapposite, as ASSC was not served until well *after* the notice of removal had been filed. *See* 28 U.S.C. § 1446(b)(2)(A).

Pace maintains that the district court erred in denying his motion for jurisdictional discovery. **Blue Br. at 87-88.** As he did in *Pace I*, he now asserts that "the district court abused its discretion by ruling on the defendants' motions to dismiss before ruling on his motion for discovery." *Pace I*, 93 F.4th at 902. *See* **Blue Br. at 88.**

"A district court's denial of jurisdictional discovery is reviewed for abuse of discretion." *Pace I*, 93 F.4th at 902. The court only abuses its discretion when its decision is "arbitrary or clearly unreasonable." *Id.* (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005)). The party requesting jurisdictional discovery must establish its necessity, "and does so by making 'clear which specific facts he expects discovery to find.'" *Id.* (quoting *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (quoting *Fielding*, 415 F.3d at 429).

The district court determined that Pace had failed to "present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* It therefore denied his motion for jurisdictional discovery. **ROA.6278; 6280; 6282; 6284.** A review of Pace's various requests for jurisdictional discovery, *see, e.g.*, **ROA.3716-17; ROA.4196-97,** indicates that they are nothing more than "vague assertions that additional discovery will produce needed, but unspecified facts." *See id.* at 902 (quoting *Fielding*, 415 F.3d at 429). The requests are thus insufficient, and the district court did not err in denying them. *See id.*

## V. Conclusion

For the reasons stated in *Pace I*, the district court did not err in its dismissal of the non-diverse Mississippi defendants based on their improper

joinder. It therefore had subject matter jurisdiction to consider the defendants' motions to dismiss. Similarly, for the reasons stated in *Pace I*, the district court did not have personal jurisdiction over the *Pace I* defendants—Cirrus, Continental, Apteryx, and AmSafe. It was therefore correct in dismissing those defendants here. However, we reverse the district court's order to the extent that it dismisses Cirrus, Continental, Apteryx, and AmSafe "with prejudice" and remand with instructions to amend its order to specify that the dismissal of those defendants is "without prejudice."

Neither did the district court err in dismissing Fixed Wing, Don George, SSC, and Hartzell for lack of personal jurisdiction. It also did not abuse its discretion in dismissing ASSC for lack of prosecution or in denying Pace's motion for jurisdictional discovery. Finally, our decision should not be interpreted as implying a view on the merits of Pace's claims.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED to the district court with instructions to amend its order to specify that the dismissal of Cirrus, Continental, Apteryx, and AmSafe is is "without prejudice."